UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, S
2009 JUL -8 A 10:5

James B. Skelton,                    )   C/A: 3:09-1432-MBS-RSC
aka James Bennie Skelton,            )
                                     )
              Plaintiff,             )
                                     )   REPORT AND
vs.                                  )   RECOMMENDATION
                                     )
President Barack Obama,              )
                                     )
              Defendant.             )
                                     )
_____)

The *pro se* plaintiff, James B. Skelton ("Plaintiff"), is proceeding *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Barack Obama, the President of the United States, as the sole defendant. Plaintiff claims President Obama has violated the Tenth Amendment of the Constitution and committed an act of treason by issuing an executive order to close a military prison in Guantanamo, Cuba. Plaintiff seeks only injunctive relief. The complaint should be dismissed for lack of jurisdiction based on Plaintiff's lack of standing to sue.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);

and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent

2

standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff has filed prior, as well as contemporaneous, cases in this Court. In April 2009, Plaintiff filed an action concerning management of his income by a third party, which was dismissed for lack of jurisdiction. *Skelton v. Family Services*, 2:09-847-MBS (D.S.C. 2009). In May 2009, Plaintiff filed a similar lawsuit that has been recommended for dismissal based on lack of jurisdiction. *Skelton v. Family Services*, 2:09-1249-MBS (D.S.C. 2009). Also in May 2009, Plaintiff filed two more contemporaneous cases, which were recommended for dismissal. In one of the actions, which was recommended for dismissal based on lack of standing, he sued the Environmental Protection Agency seeking to have it dismantled. *Skelton v. Environmental Protection Agency*, 3:09-1429-MBS (D.S.C.

2009). In the other action he sued the Navy for retirement benefits, which was recommended for dismissal based on lack of jurisdiction. *Skelton v. Navy Personnel Command*, 3:09-1430-MBS (D.S.C. 2009). In June 2009, Plaintiff filed four lawsuits, three of which were filed contemporaneously. This lawsuit, which sues the President of the United States, and two other action that sue the United States Supreme Court and the individual Justices. *Skelton v. United States Supreme Court*, 3:09-1434 & 1435-MBS (D.S.C. 2009). These cases will be recommended for dismissal for lack of jurisdiction based on lack of standing. The final case filed by Plaintiff in June 2009, is against a Veterans Medical Center to have a fellow resident removed, and the case was recommended for dismissal for failure to state a claim on which relief may be granted. *Skelton v. Dorn Veterans Medical Center*, 3:09-1430-MBS (D.S.C. 2009). Plaintiff has filed eight cases in a three month period, most of which lack jurisdiction.

## Discussion

In this case, Plaintiff has filed a complaint against President Obama, along with a "Notice of Appeal," both of which are titled for the Court of Appeals for the Fourth Circuit.[1] The

---

[1] The document titled Notice of Appeal has been placed on the docket but is not considered an appeal. No action has taken place in this Court as of yet from which the Plaintiff may file an appeal. The appeal notice does not have a case number and there is no indication that the plaintiff is attempting to appeal one of his prior cases.

complaint claims President Obama has violated the Tenth Amendment of the Constitution and committed an act of treason by issuing an executive order to close a military prison in Guantanamo, Cuba. Plaintiff seeks injunctive relief to have the court "reverse the policies" of President Obama by declaring the policy unconstitutional, as well as require viewing of the 9/11 Wold Trade disaster for "100 hours," and require an apology to "families of servicemen killed in Irag." The complaint contends the President should be impeached if the Court does not reverse the President's policies.

As the Plaintiff has been previously informed, federal courts are courts of limited jurisdiction. Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; see also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject

matter, the court shall dismiss the action.").

The complaint must allege the facts necessary to provide the court jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"[2] Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Under Article III, § 2, of the Constitution, federal courts have jurisdiction over a dispute only if it is a "case" or "controversy"; this is a "bedrock requirement." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). One element of the case-or-controversy requirement is to establish that the plaintiff has standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The requirement of standing . . . has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's

---

[2] If the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d at 399 citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Plaintiff makes no showing of a "personal stake" or injury "particularized as to him" caused by the Defendants in this lawsuit. Standing is a strict jurisdictional requirement, rigorously enforced when the court must decide if the government's actions are unconstitutional. *Id.* at 819-20. Under Supreme Court doctrine, the "standing inquiry has been especially rigorous when reaching the merits of the dispute would force [it] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Id.* Plaintiff has sued the top executive officer of the United States, triggering a rigorous inquiry into his standing to sue. Plaintiff utterly fails to establish that he has standing to sue the United States President. The complaint should be dismissed for lack of jurisdiction because the Plaintiff lacks standing to sue.

### Warning of Possible Sanctions

Based on Plaintiff's filing of eight lawsuits in three months, each dismissed or subject to dismissal, and several for lack of standing and jurisdiction, it is appropriate to warn Plaintiff.

7

Sanctions are a tool available to this Court to protect and preserve the resources of the Court when they are being abused. Overly litigious or vexatious litigants place a burden on the judicial system and divert judicial resources from other pending litigation. **Sanctions could be imposed which would place restrictions on Plaintiff's ability to file future cases in this Court if Plaintiff continues to file cases in which he has no standing to sue or fails to establish jurisdiction in this Court.** The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, *in forma pauperis*, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure. This Court has the authority to order a prefiling injunction or other appropriate sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for imposing order of prefiling review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)(joined other courts in approving prefiling review of

complaints with history of litigiousness); *Graham v. Riddle*, 554 F.2d 133,135 (4th Cir. 1977).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint *with prejudice* and without issuance and service of process. See *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

July ___7___, 2009
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).